## J. C. JACKSON v. THOMAS SEEVERS, Appellant.

**Contracts:** AGREEMENT THAT SERVANT SHALL GIVE ALL HIS TIME: *Master's right to share in servant's profits in a partnership.* Where a servant under a contract of employment requiring him to give his entire time to the master is a member of a stock buying firm, but does not give any personal attention to such business further than to occasionally buy stock, and does not neglect his duties to the master, the latter is not entitled to the servant's share of the profits arising from the partnership.

**Appeal:** *Where evidence in equity cause is in a report of a referee.* Where the evidence is not in the record on appeal in equity, but the appeal is based on the report of a referee, such report is final as to all facts.

*Same.* Where the evidence is not in the record on appeal in an equity case, but the appeal is on the report of a referee, a defense based on facts which are not referred to in his report will not be considered on appeal.

ISSUE BELOW: *Assignments of error.* Where the failure of the servant to keep account of his transactions for the master is not pleaded in an action for wages, and his failure so to do is not assigned as error, the contention that such failure defeats the servants right to recovery will not be considered on appeal.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, JANUARY 25, 1902.

THE plaintiff brings this action to recover wages due under a contract of employment with the defendant and for money paid out for the defendant's use. It involved an accounting between the parties, and was referred to and tried by a referee, whose report was confirmed by the district court, and judgment rendered thereon for plaintiff. The defendant appeals.—*Affirmed.*

*John F. & W. R. Lacey* for appellant.

*Bolton, McCoy & Bolton* for appellee.

SHERWIN, J.—This action was tried in equity. The evidence was not preserved, and it comes to us upon the report of the referee, with assignments of error. The report of the referee is therefore final as to all facts involved in the case. The plaintiff was employed by the defendant to take care of stock, including stallions, mares, and colts, and contracted all of his time to the defendant. During a part of the time he was so employed he was a partner of one Robert Rhine in the business of buying and shipping stock. The business of this firm for the period of two years and nine months amounted to about $250,000, and the plaintiff's

profit thereon was $1,200. It is not claimed or shown that any of the defendant's money was used by the plaintiff in this partnership business, and the referee found as a matter of fact that the plaintiff did not give personal attention to it, farther than to occasionally buy stock on the street, "and on one or two occasions when in the country." The referee also found that the plaintiff in no manner neglected his duties to the defendant. The appellant insists that he is entitled to the $1,200 profits arising from the business of Rhine & Jackson because the plaintiff had sold his entire time to him.

The duties of an agent to his principal are well defined by text writers, and are well settled by adjudicated cases, and the rule is fundamental that, where an agent sells his entire time to his principal, he has no legal or moral right to devote a part of it to an independent business of his own, and this regardless of the fact that it may not interfere with his service to his principal; and, if he does so, his principal is entitled to what he earns. Mechem, Agency, section 471. But in the case at bar it is affirmatively shown that the profits received by the plaintiff from the stock business of Rhine & Jackson are not the personal earnings of the plaintiff. There was money invested in that business with which the defendant had nothing to do, and upon which he had no claim. The labor of the partner, Rhine, was also a part of the capital of the business, over which the defendant had no control. If the record before us were such that we might determine what the personal earnings of the plaintiff were as a member of the stock partnership, we would not hesitate to give the defendant the benefit of such earnings; but such is not the case, and he is clearly entitled to nothing more. See Mechem, Agency, supra.

It is said that the plaintiff cannot recover because he did not keep accounts of his transactions for the defendant. This issue is not pleaded, nor is there an assignment of error thereon; hence we cannot consider it. But we may say that there is nothing in the report of the

referee touching this question and we could not consider it for that reason also.

Complaint is made of the allowance to the defendant for keeping a horse of the plaintiff. There is nothing before us tending even to show that it is not just, nor that it is not the full value therefor. Such being the case the method of arriving at the amount allowed is not material. What we have already said as to the finding of the referee that the plaintiff did not neglect the defendant's business disposes of the contention that the contract of employment was forfeited on account of the partnership business.

The judgment of the district court is AFFIRMED. ·